# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Hon. Sam T. Holt
County Attorney
Panola County
Carthage, Texas

Dear Sir:

> Re: Opinion No. O-1091
> Distribution of County Funds de-
> rived from automobile registra-
> tions.

We are in receipt of your letter of
June 28, 1939, which reads as follows:

> "Please advise me concerning a
> county that the road precincts are di-
> vided into four precincts and their
> amount of roads to be maintained by
> said county funds that are derived
> from automobile registrations should
> be divided into four equal parts for
> each commissioners precinct, or should
> the money be divided according to the
> amount of percentage of miles of roads
> to be maintained in each precinct, the
> one having the less percentage of roads
> to maintain to receive his proportion
> of said funds in accordance with his
> percentage of said roads to maintain
> and the one with the greater percent-
> age of roads to receive the greater
> amount of funds.

> "Please advise me if there is a law
> governing as to how these funds shall
> be distributed."

Your question concerns the proper distri-
bution of county road and bridge fund monies

among the commissioners precincts of the county.

The county road and bridge fund proper is
derived from two sources: county taxes and automo-
bile registration taxes.

Since you mention "county funds that are
derived from automobile registrations", we gather
that you are principally interested in that por-
tion of the county road and bridge fund accruing
under Article 6675a of Vernon's Annotated Civil
Statutes, The Automobile Registration Act.

Disposition of that portion of the county
road and bridge fund consisting of automobile reg-
istration fees is governed by section 10 of Arti-
cle 6675a, supra. The pertinent provisions of said
section read as follows:

"None of the monies so placed to the
credit of the Road and Bridge Fund of a
county shall be used to pay the salary
or compensation of any County Judge or
County Commissioner, but all said mon-
ies shall be used for the construction
and maintenance of lateral roads in such
county under the supervision of the
County Engineer, if there be one, and
if there is no such engineer, then the
County Commissioners' Court shall have
authority to command the services of
the Division Engineer of the State High-
way Department for the purpose of super-
vising the construction and surveying
of lateral roads in their respective
counties. All funds allocated to the
counties by the provisions of this Act
(Arts. 6675a-1 to 6675a-14; P.C. Art.
807a) may be used by the counties in the
payment of obligations, if any issued
and incurred in the construction of the



Hon. Sam T. Holt, page 3

improvement of all roads, including
State Highways of such counties and
districts therein; or the improvement
of the roads comprising the County
Road system."

The case of Stovall v. Shivers, Civ. App.,
75 S.W. (2d) 276, Affirmed (Comm. App.) 103 S.W.
(2d) 363, On page 367 of the latter opinion,
contains the following statement with respect
to the above quoted section:

"As to that portion of automobile
registration fees retained by Van Zandt
County, article 6675a-10, Vernon's An-
notated Civil Statutes, expressly pro-
vides how same shall be expended, and
for that reason it is obvious that ar-
ticle 6740 has no application to same."

We have been unable to find any other law
governing the disposition of these funds from
automobile registration fees in the county road
and bridge fund. The purpose as stated in Ar-
ticle 6675a-10 is the "construction and maintan-
ance of lateral roads" or "payment of obligations"
incurred in the construction or improvement of
all roads in the county - county or state.
There is no formula for the spending of this
particular portion of the county road and bridge
fund. Article 6740 has no application, accord-
ing to the decision of Stovall v. Shivers, supra.
The responsibility for the proper expenditure
of these funds rests primarily upon the Commis-
sioners' Court. We wish to quote further from
the opinion of the Comm. of App. of Texas, Sec.
(a) in the Stovall v. Shivers Opinion.

"By article 2342 of the Revised
Statutes, it is provided that the sev-
eral commissioners, together with the

Hon. Sam T. Holt, page 4

county judge, shall compose the "commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over all roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the $100 valuation for roads and bridges. This fund is, of course, for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and highways of the county as a system, to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify."

Hon. Sam T. Holt, page 5


As for that portion of the county road and bridge fund consisting of county taxes, article 6740, Revised Civil Statutes, provides:

"The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. Money used in building permanent roads shall first be used only on first or second-class roads, and on those which shall have the right of way furnished free of cost to make as straight a road as is practicable and having the greatest bonus offered by the citizens of money, labor or other property."

This article has been construed by the Comm. of App. of the State of Texas. Stovall v. Shivers, supra.

We quote therefrom as follows:

"It will be observed that the article in question provides that the road and bridge fund shall be judiciously and equitably expended on the roads and bridges of the county, and, as nearly as the condition and necessity of the roads will permit, shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. In our opinion, there is obviously nothing in this article which compels the commissioners court to divide the road and bridge fund ac-

Hon. Sam T. Holt, page 6

cording to any fixed mathematical formula, and apportion same in advance for the purpose of being expended in any given precinct. The use of the word 'expended' to our minds clearly suggests that said funds shall be apportioned and paid out from time to time as the necessity for their use arises in the ordinary administration of the county affairs." * * "

"Notwithstanding this, the commissioners court must give effect to said article 6740 except when the necessities of the roads and bridges require a departure from it. That article requires that the road and bridge funds of all counties shall be judiciously and equitably expended. It further requires that such funds shall, as nearly as the condition and necessity of the roads will permit, be expended in each commissioners precinct in proportion to the amount collected in such precinct. The dominant purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commissioners precinct in proportion to the amount collected therein. In this regard, the statute means that each precinct shall prima facie be entitled to its own funds, and in the absence of any reasons to the contrary they should be so divided and expended. However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is

Hon. Sam T. Holt, page 7

> given the right to expend the road and
> bridge fund in a proportion other than
> in the proportion in which they are col-
> lected when the conditions of the roads
> in the respective precincts creates a
> necessity to do do. We think, however,
> that the requirement to expend the fund
> in the proportion mentioned cannot be
> avoided except in cases or conditions
> of necessity. Of course, the commis-
> sioners court has the right to exercise
> its sound judgment in determining the
> necessity, but it cannot act arbitrar-
> ily in regard to such matter."

In answer to your question we wish to ad-
vise that the distribution of the monies in the
county road and bridge fund is governed by arti-
cle 6675a-10, article 6740 and the rule laid
down in the case of Stovall v. Shivers, supra.

As for that portion of the county road
and bridge fund consisting of automobile regis-
tration fees paid into the fund of article 6675a,
section 10, is controlling. It is our opinion
that in expending this portion of the fund for
the purposes expressly set out in section 10 of
article 6675a, the commissioners' court of the
county shall regard the roads and highways of
the county as a system to be built, improved and
maintained as a whole to the best interests and
welfare of all the people of the county and of
all the precincts of the county.

In respect to the county raised monies,
they must be "judiciously and equitably" expend-
ed. While the statute (Art. 6740, supra) con-
templates that the monies shall be expended in
each commissioners precinct in proportion to the
amount collected in such precinct, the commis-
sioners' court is not compelled to follow any
mathematical formula in dividing the fund.

Hon. Sam T. Holt, page 8

Cases or conditions of necessity justify the commissioners' court's departure from the rule which is that "each precinct shall prima facie be entitled to its own fund."

Under the statutes and the above decision neither of the standards set forth in your letter are controlling - "funds * * * should be divided into four equal parts for each commisioners precinct, or should * * * be divided according to the amount of percentage of miles of roads to be maintained in each precinct * * * "

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

APPROVED JUL 31, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY _____
CHAIRMAN